UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER ZINSKI,                                       No. 10-13126

        Plaintiff,                              District Judge Bernard A. Friedman

v.                                                  Magistrate Judge R. Steven Whalen

CITY OF WARREN, ET. AL.,

        Defendants.
_____/

**AMENDED ORDER RE: MOTION TO COMPEL [Doc. #22]**

On April 20, 2011, I entered an Order [Doc. #22] denying Defendants' request for sanctions, but granting the motion to compel discovery. With regard to medical authorization forms, the Order stated:

> "The Plaintiff will also sign medical releases (HIPPA forms) given to him by Defendants' attorney, which will authorize the disclosure of medical information only from August 1, 1997 to the present."

Plaintiff was given 14 days, or until May 4, 2011, to comply.

On April 20, 2011, Defendants filed a Renewed Motion to Dismiss or to Compel Discovery [Doc. #23], in which they state that Plaintiff has refused to sign the HIPPA authorizations given to him. Those authorizations, one copy of which is appended to the renewed motion, indicate a handwritten correction of the dates of the records to be produced, that is, August 1, 1997 to the present. That handwritten correction is in complete compliance with my Order of April 20, 2011.

In response to Defendants' renewed motion, Plaintiff has filed a letter to Defendants' counsel [Doc. #24], in which he challenges certain statements made by Defendants' counsel at the motion hearing on April 20, 2011. Comparing litigation to a game of poker, he offers to "condition" his compliance with this Court's order on having defense counsel initially review a more limited range of medical records.

My Order of April 20, 2011 was not conditional, it was absolute. I arrived at my decision after reviewing the pleadings and hearing the arguments of Mr. Zinski and defense counsel. Mr.

Zinski offers nothing new. Moreover, contrary to Mr. Zinski's opinion, litigation is not a game, and compliance with a court's orders is not optional.

Therefore, I am amending and clarifying my Order of April 20, 2011, so that Mr. Zinski will be crystal clear as to what he is required to do and what will happen if he does not comply.

No later than May 4, 2011, Mr. Zinski will sign medical authorization forms (HIPPA forms) *provided to him by Defendants' attorney*, authorizing the release of medical information from August 1, 1997 to the present, from any and all medical providers who treated or examined him during that time period. That time period–August 1, 1997 to the present–may be handwritten on the forms provided by Defendants' attorney. The forms provided by Defendants' counsel shall be in the exact form exemplified in the exhibit attached to Defendants' renewed motion [Doc. #23]. Mr. Zinski may not re-type the forms or in any way alter the forms that Defendants' attorney gives him.

MR. ZINSKI'S FAILURE TO COMPLY FULLY WITH THIS ORDER WILL, UPON DEFENDANTS' MOTION, RESULT IN A REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL OF HIS COMPLAINT WITH PREJUDICE.

SO ORDERED.

                                          s/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Date: April 21, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 21, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 21, 2011: **Roger Zinski.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge R. Steven Whalen
                                          (313) 234-5217